**Theodore LAUFENBERG, Petitioner,**

v.

**DEPARTMENT OF AGRICULTURE, Respondent.**

No. 02–3090.

United States Court of Appeals, Federal Circuit.

DECIDED: July 11, 2002.

Before MAYER, Chief Judge, LOURIE and LINN, Circuit Judges.

## DECISION

PER CURIAM.

Theodore Laufenberg petitions for review from the final decision of an arbitrator affirming Laufenberg's demotion by two grade levels for submitting false travel vouchers. *Laufenberg v. Dep't of Agriculture*, FMCS Case No. 01–05419, slip op. (Oct. 2, 2001). Because Laufenberg did not file a timely petition for review of that decision in this court, we *dismiss* his appeal for lack of jurisdiction.

## DISCUSSION

The United States Forest Service, an agency of the Department of Agriculture, proposed the removal of Mr. Laufenberg, a GS–14 General Engineer, for misuse of government property, violation of prohibited personnel practices, submission of false travel vouchers, and irregularities in his time logs. *Id.* at 3–9. The Forest Service later reduced the sanction to a two-grade demotion and a thirty-day suspension. *Id.* at 11. Laufenberg appealed that decision to an arbitrator. *Id.* The arbitrator rescinded the thirty-day suspension, but sustained the demotion on the basis of Laufenberg's having submitted false travel vouchers for reimbursement. *Id.* at 34. That decision, dated October 2, 2001, was received by Laufenberg's attorney on October 4, 2001. Laufenberg filed an informal brief to petition for review of that decision by this court on December 20, 2001, or seventy-seven days after Laufenberg's attorney had received notice of the decision.

Laufenberg argues that we should consider his petition for review as having been timely filed, although he concedes that "[t]imeliness of my appeal is a question I can't affirm." He then indicates that he met with his attorney on October 10, 2001, presumably to discuss the arbitrator's October 2, 2001, decision, of which his attorney was clearly aware. He further states that "I did not know which days are counted, working or calendar, but I believe we have placed the appeal in the most timely and earnest manner and intent possible. I ask that the Court consider the circumstances surrounding this time and allow the appeal." In his memorandum in support of oral argument, filed after his reply to the government's brief, Laufenberg additionally argues that his petition for review was timely because he did not receive a copy of the decision until after October 29, 2001.

█ Our jurisdiction is fixed by statute. A petition for review of a final decision of an arbitrator must be "must be filed within 60 days after the date the petitioner received notice of the final order or decision." 5 U.S.C. § 7703(b)(1) (2000) (stat-

ing the jurisdictional time limits for petitioning for review of Board decisions); 5 U.S.C. § 7121(f) (applying the time limits for judicial review of Board decisions to arbitration decisions). We cannot waive the timeliness requirement, irrespective of "earnest manner and intent" shown by Laufenberg. Fed. R.App. P. 26(b)(2) (proscribing the court from enlarging the time limits for petitioning for review of an agency or board decision except as specifically authorized by law); *Pinat v. Office of Pers. Mgmt.*, 931 F.2d 1544, 1546 (Fed. Cir.1991) (dismissing petition received nine days late because the deadline for filing a petition may not be waived).

Laufenberg's petition for review was filed outside of the time limits of 5 U.S.C. § 7703(b)(1). Laufenberg constructively received notice of the decision on October 4, 2001, when his then-attorney received notice. He filed his informal brief on December 20, 2001, seventy-seven days after that date. Moreover, even if Laufenberg's attorney's receipt of the notice of the decision was not constructive receipt of notice by Laufenberg himself, Laufenberg admits that he met with his attorney on October 10, 2001, to discuss the decision. His petition for review was thus filed more than sixty days after the date he admitted receiving *notice*, notwithstanding his assertion that he did not receive a *copy* of the decision until October 29, 2001. While we recognize that Laufenberg is proceeding *pro se* in his petition for review by this court, we cannot waive a mandatory jurisdictional requirement. Accordingly, his petition for review of the arbitrator's decision is untimely and must be dismissed.